## C. N. Cole, trading as Western Loan Company, Defendant in Error, v. E. E. Fulton Company, Plaintiff in Error.

### Gen. No. 21,507.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 13, 1916. Rehearing denied December 27, 1916.

### Statement of the Case.

Action by C. N. Cole, trading as Western Loan Company, plaintiff, against the E. E. Fulton Company, a corporation, defendant, on an assignment of wages. To review a judgment for plaintiff, defendant prosecutes a writ of error.

FRED A. BANGS, for plaintiff in error; RICHARD H. COLBY, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 457*—*when admissibility of evidence not considered on appeal.* In an action on a written assignment of wages by the assignee against the employer, *held* that the defendant's objection, that the plaintiff's testimony on the trial that he mailed a notice of assignment to the defendant was a mere conclusion of the witness and that the contents of the notice were not shown, was not available to the defendant on appeal since he had not raised the objection in the trial court.

2. ASSIGNMENT, § 36*—*when evidence shows authority to receive notice of assignment of wages.* In an action on an assignment

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of wages against the employer, by the assignee, evidence tending to show that the party to whom the plaintiff gave notice by mail of the assignment was the vice president and secretary of the defendant company, and testimony of its president that in his absence such party opened all the mail addressed to the company, was sufficient to establish the agency of such party to receive the notice.

3. APPEAL AND ERROR, § 1679*—*where variance between summons and statement of claim is waived.* Where it was contended on appeal by a defendant that its motion in arrest of judgment should have been sustained for the reason that there was a variance between the summons, naming as defendant certain individuals doing business as a company, and the amended statement of claim, designating the defendant as a corporation, *held* that inasmuch as the defendant entered its appearance as a corporation to the original summons and statement of claim and subsequently the plaintiff filed the amended statement of claim, designating the defendant as a corporation, to which the defendant filed an affidavit of merits, the defendant's contention was without merit.